UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESLIE CREWS, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:12 CV 142 RWS |
| ) | |
| MONARCH FIRE PROTECTION ) | |
| DISTRICT, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

Plaintiffs Leslie Crews, Cary Spiegel, and Michael Davis were employees of Defendant Monarch Fire Protection District (the District). Their employment was terminated. Plaintiffs filed this lawsuit seeking money damages for alleged violations of their due process rights. They sued the District and two of its Board members. Defendants have moved for summary judgment. Because Plaintiffs' due process rights were not violated I will grant the Defendants' motion for summary judgment.

*Background*

Defendant Monarch Fire Protection District is a political subdivision of the State of Missouri which provides fire protection services in western St. Louis County. The District is managed by Monarch's Board of Directors. The Board is elected by the residents of the District. The members of the three-member Board at the relevant time period were Defendant Kim Evans, Defendant Steve Swyers, and Robin Harris.

The Board appoints the eight "command Chiefs" who manage the day to day operations of the District. Monarch's firefighters' union, the International Association of Fire Fighters,

represents all of the firefighters and paramedics employed by the District, except its eight command Chiefs. Plaintiffs were command Chiefs. Plaintiff Leslie Crews was the Assistant Chief, second in command in the District. Plaintiff Cary Spiegel was the Deputy Chief, third in command in the District. Plaintiff Michael Davis was a Battalion Chief, the highest ranking officer to supervise one of the three shifts operated by the District.

In 2007, four female firefighters filed an employment discrimination lawsuit against the District. A judgment was entered in favor of two of the firefighters which was affirmed by the Missouri Court of Appeals in Kessler, et al. v. Monarch Protection Fire District, 352 S.W.3d 677 (Mo Ct. App. 2011). Four days after the court of appeals decision, the Monarch Board of Directors terminated the employment of Crews, Spiegel, and Davis. Defendant Board members Evans and Swyers voted to terminate Plaintiffs. The third Board member, Robin Harris, did not participate in the decision. Plaintiffs were told they were being terminated because of the court of appeals decision affirming the judgment in the discrimination suit. Plaintiffs allege in their Amended Complaint that Evans and Swyers made "numerous publically broadcasted statements that the Plaintiffs were fired because of their alleged involvement in wrongfully discriminating against the four women who had sued the District." Plaintiffs suggest that their employment was terminated for political reasons.

Plaintiffs assert that they were fired in violation of their due process rights under Article 1, Section 10 of the Missouri Constitution and under the Fifth and Fourteenth Amendments to the United States Constitution through 42 U.S.C. § 1983. Plaintiffs did not have a written employment agreement with the District nor were they covered under any form of collective bargaining agreement. Plaintiffs allege that Monarch's Official Rules and Regulations provided

a procedure for disciplinary action and dismissal which created a constitutionally protected property interest in their continued employment with Monarch. Plaintiffs allege that those procedures were not followed in their termination which violated their due process rights. Plaintiffs also allege that the post-termination statements by Evans and Swyers violated their protected liberty interest in their reputations. Plaintiffs seek monetary damages and attorney's fees.

Defendants have moved to dismiss Plaintiffs' claims, or in the alternative, for summary judgment. Defendants assert immunity defenses, argue that Plaintiffs have failed to establish a property right, and have failed to exhaust their administrative remedies before filing this lawsuit. Plaintiff's oppose Defendants' motion.

### *Legal Standard*

When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level. Id. at 555.

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center,

160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)).  The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof.  Id. at 324.  In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Discussion*

*Plaintiffs' claim under the Missouri Constitution*

Plaintiffs have sued the District and have sued Defendants Evans and Swyers in their official and individual capacity.  A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

Defendants first argue that Plaintiffs claims under the Missouri Constitution should be dismissed.  Defendants assert that the District, as a fire protection district, is a political subdivision of the State of Missouri and possesses sovereign immunity pursuant to § 537.600 R.S.Mo.  See Duncan v. Creve Coeur Fire Protection District, 802 S.W.2d 205, 207 (Mo. Ct.

App. 1991). Neither of the exceptions to sovereign immunity apply in this case.[1]

Defendants assert that Evans and Swyers are shielded from individual liability for Plaintiffs state law claim under the doctrine of official immunity. Official immunity shields public officers and state officials from civil liability for injuries arising out of their discretionary acts, functions, or omissions performed in the exercise of their official duties. Harris v. Munoz, 43 S.W.3d 384, 387 (Mo. Ct. App. 2001). The decision to terminate Plaintiffs' employment was undisputably a discretionary act. In their opposition brief, Plaintiffs do not oppose the dismissal and / or summary judgment on their Missouri Constitution claim.[2] I find that the District and the individual Defendants are entitled to summary judgment on this claim based on sovereign immunity and official immunity, respectively.

*Federal due process claims*[3]

Plaintiffs base their due process claims on the actions of two Board members. Plaintiffs have not sued the Board which is a legal entity with the ability to sue and to be a party to suits.

---

[1] The exceptions are the negligent operation of a motor vehicle or an injury caused by the dangerous condition of the public entity's property.

[2] Instead they suggest these their claim under the Missouri Constitution should have been addressed in a motion to strike.

[3] Plaintiffs due process claims are limited to procedural due process claims. Plaintiffs have not alleged any facts which would meet the conscience shocking standard needed to establish a substantive de process claim. See Hess v. Ables, 714 F.3d 1048, 1053 (8th Cir. 2013) ("Success on a substantive due process claim requires allegations that the defendant's course of action was 'conscience shocking.'"). Moreover, a public employee's interest in continued employment with a government employer is not protected by substantive due process under the Fourteenth Amendment. Singleton v. Cecil, 176 F.3d 419, 423 (8th Cir. 1999).

See § 321.220 R.S.Mo. A public entity cannot be held vicariously liable under U.S.C. § 1983 for the actions of its employees based on a theory of *respondeat superior*. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691 (1978). A plaintiff may establish public entity liability under 42 U.S.C. § 1983 by proving their constitutional rights were violated by the public entity's official policy or through a custom, "even though such a custom has not received formal approval through the body's official decisionmaking channels." City of St. Louis v. Praprotnik, 485 U.S. 112, 122 (1988). The existence of a custom or policy must be established by more that a single set of circumstances that applied to the plaintiff's case. Munz v. Parr, 758 F.2d 1254, 1259 (8th Cir. 1985).

The District argues that it is entitled to summary judgment because Plaintiffs claims against the District are improperly based on a theory of *respondeat superior*. Rather than alleging that the action of the Board violated their rights and suing the Board, Plaintiffs sued only two of the individual Board members and seek liability against the District based on these two Board members' actions. Plaintiffs have failed to assert any policy, custom, or practice followed by the District which led to the alleged violation of their due process rights. As a result, I find that the District is entitled to summary judgment on Plaintiffs' due process claims.

Moreover, a review of the merits of Plaintiffs claims establishes that they have failed to establish, as a matter of law, that they had a property interest in their continued employment with the District.

"A government employee is entitled to procedural due process only when he has been deprived of a constitutionally protected property or liberty interest." Winegar v. Des Moines Indep. Cmty. Sch. Dist., 20 F.3d 895, 899 (8th Cir.1994). "Procedural due process imposes

constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the ... Fourteenth Amendment." Mathews v. Eldridge, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Id. at 333 (internal quotations omitted). A plaintiff alleging that a public entity deprived him of employment without due process must first demonstrate that he had a property interest in his continued employment. Barnes v. City of Omaha, 574 F.3d 1003, 1006 (8th Cir. 2009). "A property interest arises from a legitimate claim of entitlement to continuing employment. A public employee has a property interest when there are contractual or statutory limitations on the employer's ability to terminate an employee, such as a contractual right to be terminated only for cause." Bennett v. Watters, 260 F.3d 925, 927 (8th Cir. 2001)(internal quotations and citation omitted).

Missouri follows the at-will employment doctrine. An employer may terminate an at-will employee for any reason or for no reason (with the limitation of a public-policy exception). Bazzi v. Tyco Healthcare Group, LP, 652 F.3d 943, 947 (8th Cir. 2011).

Although Plaintiffs did not have a written employment contract with the District, Plaintiffs assert that they had a property interest in their continued employment based on Monarch's Official Rules and Regulations or by a custom, practice, or policy of the District. Plaintiffs argue that the Rules and Regulations manual provides a procedure for dismissal proceedings against a District employee. That procedure includes a pretermination review which is "an informal procedure in which the appointing authority or designated management official advises the employee of the reason or reasons for termination and then give the employee an

opportunity to present facts to mitigate the penalty..." [Doc. # 11. Amended Compl. at ¶ 31] If management determines that dismissal is warranted, a formal charge is filed which supports the dismissal which should include a statement that the employee was given an opportunity for a pretermination review. Id. However, the Rules and Regulations also provide for Exceptions to Progressive Discipline and state that an employee can be subjected to immediate dismissal. [Doc. # 26, Defs.' Statement of Uncontroverted Facts ¶ 17]

Plaintiffs allege that this custom and practice of providing District employees with a pretermination review applied to all District employees and created a constitutionally protected property interest in Plaintiffs' continued employment with the District.

The Missouri Supreme Court has held that an employer's publication of an employment handbook does not alter the at-will status of its employees. Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 662 (Mo. 1988). The court held that self-imposed policies in an employer's handbook did not create an employment contract. The court found as significant the handbook's provision that the rules in the handbook could be changed at anytime. This provision prevented a reasonable employee from construing the handbook as an offer to modify his at-will status. Id. See also Green v. St. Louis Housing Authority, 911 F.2d 65, 71 (8th Cir. 1990)("the mere fact that [the employer] has published a handbook, stating policies and procedures, does not give [the plaintiff] an entitlement under Missouri law to continued employment.).

Like the handbook at issue in Johnson, Monarch's Official Rules and Regulations provide that the Chief of the Fire Department has the sole power to adopt and change the rules and regulations at any time. Any official interpretations of the rules and regulations are made by the Chief. [Doc. # 26, Ex. D] Given the ability of the Chief to amend the rules and regulations at any

time, Plaintiffs had no objective basis for construing the handbook as an offer to modify their at-will status. Nor does the fact that the Rules and Regulations provided a pretermination review provide the right to be terminated only "for cause." Cole v. Conservation Com'n, 884 S.W.2d 18, 20 (Mo. Ct. App. 1994)(an employment manual which contained a five-step disciplinary process did not create a "for cause" standard for termination and employee was an at-will employee who could be terminated at any time for any reason). See also Stow v. Cochran, 819 F.2d 864, 866 -867 (8th Cir. 1987)("the existence of a grievance procedure alone is sufficient to create a property interest").

Neither the District nor the Board members are given any rights or responsibilities in the Official Rule and Regulations. The Board has the authority to hire and fire the command Chiefs like Plaintiffs. Plaintiffs have not provided any evidence that the Board had a custom or practice, or in any way expressed an intent, of following the pretermination review procedure before it terminated a command Chief. Nor did Plaintiffs make any demand for a pretermination review or request a hearing from the Board after their termination. As a result, I find that Plaintiffs did not have a property interest in their continued employment based on Monarch's Official Rulea and Regulations.

As an alternative, Defendants Evans and Swyers have asserted that they are entitled to qualified immunity for the claims against them individually. Qualified immunity protects government officials performing discretionary functions. Bankhead v. Knickrehm, 360 F.3d 839, 843 (8th Cir.2004)(internal quotations and citations omitted). "Government officials are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

known. Thus, we decide whether a defendant is entitled to qualified immunity according to an objective standard." Id. (internal quotations and citations omitted). "A right is clearly established, for qualified immunity purposes, if the 'contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.' " Murphy v. State of Ark., 127 F.3d 750, 755 (8th Cir.1997) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). The qualified immunity doctrine allows public officers to make reasonable errors so that they do not always "err on the side of caution." Hunter v. Bryant, 502 U.S. 224, 229 (1991).

As I have already found, Defendants did not violate Plaintiffs property rights when their employment was terminated. Even if it was determined that Monarch's Rules and Regulations established a right to a pretermination hearing, that right was not clearly established because a reasonable Board official would not understand that terminating a command Chief without such a hearing violated a constitutional right. Defendants Evans and Swyers did not have an objectively reasonable basis for knowing that their termination decision violated Plaintiffs' rights. As a result, they are entitled to qualified immunity.

*Plaintiffs' liberty interest claim*

An "employee is entitled to procedural due process only when he has been deprived of a constitutionally protected ... liberty interest." Winegar v. Des Moines Indep. Cmty. Sch. Dist., 20 F.3d 895, 899 (8th Cir.1994). "An employee's liberty interests are implicated where the employer levels accusations at the employee that are so damaging as to make it difficult or impossible for the employee to escape the stigma of those charges." Id. This stigma may be established where the employee is accused of actions involving "dishonesty, immorality, criminality, [and] racism...." Id.

To establish a procedural due process claim against a state employer for deprivation of a protected liberty interest in a public employee's reputation, a plaintiff must demonstrate that: (1) an official made a defamatory statement that resulted in a stigma; (2) the defamatory statement occurred during the course of terminating the employee; (3) the defamatory statement was made public; (4) an alteration or extinguishment of a right or legal status; and (5) he must prove he requested and was denied a name-clearing hearing. Crooks v. Lynch, 557 F.3d 846, 849 (8th Cir. 2009).

Plaintiffs allege that Defendants Evans and Swyers made public defamatory statements about them after their termination. However, it is undisputed that Plaintiffs never requested a name-clearing hearing. As a result, they cannot establish a liberty interest claim and Defendants will be granted summary judgment on this claim.

*Failure to exhaust administrative remedies*

As an alternative grounds for dismissal, Defendants assert that Plaintiffs failed to exhaust their mandatory state administrative remedies before filing the present lawsuit.

Fire protection districts are deemed to be an agency for the purpose of the Missouri Administrative Procedure Act (MAPA) §§ 536.010, et seq. Krentz v. Robertson, 228 F.3d 897, 904 (8th Cir. 2000). "An agency means any administrative officer or body existing under the constitution or by law and authorized by law or the constitution to make rules or to adjudicate contested cases. Id. § 536.010(1). A contested case is a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." Id. (internal quotations omitted). "[A]n employee waives a procedural due process claim by refusing to participate in post-termination administrative or grievance procedures made

available by the state" under the MAPA. Id.

As employees of an agency covered by the MAPA, Plaintiffs were required to seek a post-termination hearing as part of a contested hearing under the MAPA before they could file a lawsuit asserting due process claims. Plaintiffs failed to request from the Board either a pretermination hearing or a post-termination hearing. I have found, as a matter of law, that the existence of Monarch's Rules and Regulations did not give rise to a property interest in Plaintiffs' continued employment. Nor did the Rule and Regulations give Plaintiffs the right to a pretermination hearing. Because the District is a MAPA agency, Plaintiffs could have instituted a contested case proceeding after their termination became effective. Plaintiffs failed to do so. As a result they are barred from bringing their due process claims in the present lawsuit. Id. at 904.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants Monarch Fire Protection District, Kim Evans, and Steve Swyers' motion to dismiss, or in the alternative, for summary judgment [#27] is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendants motion to strike [# 41] is **DENIED** as moot.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of August, 2013.