UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESLIE CREWS, et al, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>MONARCH FIRE PROTECTION )<br>DISTRICT, et al., )<br>)<br>Defendants. ) | Case No.   4:12 CV 142 RWS |

## MEMORANDUM AND ORDER

On August 6, 2013, I granted summary judgment to Defendants on Plaintiffs' procedural due process claims.[1] Plaintiffs filed a motion to reconsider and vacate my order under Fed. R. Civ. P. 59(e). Federal Rule of Civil Procedure 59(e) was adopted "to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." Innovative Home Health Care, Inc. v. P.T. - O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations and citations omitted). Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence. Id. Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. Id.

Plaintiffs assert that my judgment was based on manifest errors of law and fact and should be vacated.

*Plaintiffs lacked a property interest in their continued employment*

Plaintiffs, three officers of the Monarch Fire District, alleged in their complaint that they

---

[1] For a recitation of the facts and claims in this case see my Memorandum and Order granting summary judgment issued on August 6, 2013.

had a property interest in their jobs. Their employment was terminated by Monarch's Board of Directors. Plaintiffs allege that their procedural due process rights were violated because Monarch's Board failed to hold a pre-termination hearing before Plaintiffs were fired.

In granting Defendants' motion for summary judgment, I found that the undisputed evidence in this matter established that Plaintiffs did not have a property interest in their continued employment. Each was an at-will employee subject to termination without the right to a pre-termination hearing. Plaintiffs based their claim of a property interest on Monarch's Official Rules and Regulations which provided a procedure for disciplinary action. However, the undisputed evidence revealed that these Rules and Regulations were drafted by the Chief of the Fire Department who had the power to amend the rules at any time. As a result, under Missouri law, they did not provide the basis to assert a property interest in continued employment. Moreover, the undisputed evidence established that the Monarch Board had never adopted these rules and that the Board had the authority to hire and fire the command Chiefs like Plaintiffs.

In their motion to vacate, Plaintiffs assert that disputed material facts exist regarding whether the custom and practice of the Board granted Plaintiffs a de facto property interest in their continued employment. In support of this argument, Plaintiffs cite to the deposition testimony of Fire Chief Clifford Biele for the proposition that three command Chiefs, David Becker, Cary Spiegel, and Ken Beekman, were provided with hearings before disciplinary action was taken. However, in his deposition, Chief Biele states that Becker was terminated without a hearing although a hearing was offered to him "days" after he was terminated.[2] [Doc. # 81, Ex. G-1, Beile's Dep. at 50-52]

Cary Spiegel appeared before the Board in a non-termination disciplinary matter involving

---

[2] Becker requested the hearing. [Doc. # 40, Ex. N, Rick Gans' Dep. at 28]

an allegation he had purchased beer at a market while traveling in a company vehicle. He was placed on probation. [Id. at 52-53] Because the Board's action with Spiegel did not involve a termination, the Board's actions regarding Spiegel fails to create a disputed fact regarding whether the Board had a custom and practice of providing command Chiefs with a hearing before terminating their employment.

Nor does the experience of Ken Beekman create a fact dispute about whether command Chiefs had de facto property interest in their employment. The Board had a meeting with him over several accusations of misconduct. At the time he was a consultant to the District, not a command Chief. Nor was he terminated, he retired. [Id. at 61-63]

Plaintiffs also assert that a material fact was raised through Board member Robin Harris' belief that the Rules and Regulations applied to all of the District's employees including the command Chiefs. However, at his deposition taken a year after Plaintiffs were terminated, Harris testified that he had never read the Rules and Regulations and that the Board had the discretion to modify them. [Doc. # 40, Ex. L, Harris Dep. at 50-51] Harris testified he had never been involved in any disciplinary process of command officers before Plaintiffs' employment was terminated. [Id. at 52] Harris did not know whether the Rules and Regulations had ever been adopted by the Board, and he was not aware if the Board had ever utilized the Rules and Regulations during any disciplinary process or procedure. [Id. at 57-59]

I find that Plaintiffs' assertion in their motion to vacate that the testimony of Biele and Harris created a genuine issue of material facts precluding summary judgment is without merit.

Moreover, in granting Defendants summary judgment, I found that Evans and Swyers were entitled to qualified immunity because they were not on notice that the Fire Chief's Rules and Regulations, or the Board's previous actions, created any de facto property interest to

Plaintiffs regarding a right to their continued employment.

*Claims against the District*

Defendants argued in their motion for summary judgment that Plaintiffs' claims against the District were based on the theory of respondeat superior. In support of this position, Defendants cited Plaintiffs' amended complaint which alleged that "The misconduct alleged against [the District] was done through its agents, including, but not limited to, Evans and Swyers, who were acting within the scope and course of their authority, and under color of state law in their official capacities, with full knowledge that Plaintiff's rights were being violated as alleged herein." [Doc. # 11, Pls.' Am. Compl. at ¶ 7]   The Plaintiffs also alleged that "[the District's] customs, practices and written policies prohibit the District from dismissing any employee except for cause, and require that any such employee be given notice and an opportunity to be heard before being terminated." [Id. at ¶ 31]

Read as a whole, Plaintiffs' complaint alleges that the District had a policy to give employees of the District a hearing before they would be terminated.  The complaint asserts that two members of Monarch's Board of Directors, Kim Evans and Steve Swyers, acted against the District's policy by firing Plaintiffs without giving them a hearing before their termination.

Plaintiffs did not name as a defendant Monarch's Board of Directors which is a legal entity with the ability to sue and be sued. See § 321.220(3) R.S.Mo.[3]  As result, the allegations against Evans and Swyers were claims against only two of Monarch's Board members asserting that they

---

[3] When a board of an agency is not deemed to be a legal entity with the ability to sue or be sued, the proper way to invoke a claim against the board is to name all of the individual board members in their official capacity as defendants. See Edwards v. Baer, 863 F.2d 606, 609 (8th Cir. 1988)(jurisdiction can only be obtained by suing the individual board members).  Although this method of suing a board is inapplicable in this case, if it had applied, Plaintiffs failed to use this method because they only named two of the three Monarch's Board members as defendants in this action.

violated Plaintiffs' due process rights. Defendants permissively construed the claims against the District as an assertion of respondeat superior liability for the actions of two Board members.

In their opposition to Defendants' motion for summary judgment, Plaintiffs failed to substantively address Defendants' position that the claims against the District were based on the theory of respondeat superior. Plaintiffs, for the first time in their motion to vacate the judgment, assert that the two Board member were policymakers and that their failure to provide Plaintiffs with a hearing created a new District policy which violated Plaintiffs' due process rights. This argument is based on a new legal theory which is not clearly asserted in Plaintiffs' complaint. If this was Plaintiffs' claim, Plaintiffs should have made this clear in their opposition to summary judgment. Because this argument could have been asserted in their opposition, it is in appropriate to raise it in a motion to vacate.

Moreover, because I found that Evans and Swyers are entitled to qualified immunity, Plaintiffs' cannot maintain a claim against the District based on Evans and Swyers' actions. See Sitzes v. City of West Memphis Ark., 606 F.3d 461, 471 (8th Cir. 2010).

*Plaintiffs' liberty interest claim*

As stated in my order granting Defendants summary judgment, it is undisputed that Plaintiffs never requested a name-clearing hearing. As a result, they cannot establish a liberty interest claim. Crooks v. Lynch, 557 F.3d 846, 849 (8th Cir. 2009)(plaintiffs must prove they requested and were denied a name-clearing hearing).

*The MPPA*

Plaintiffs assert in their motion to vacate that the District is not an agency subject to the Missouri Administrative Procedure Act (MAPA) §§ 536.010, et seq. However, as I stated in my order granting Defendants summary judgment, the United States Court of Appeals for the Eighth

Circuit has found fire protection districts to be deemed to be agencies for the purpose of the MAPA. Krentz v. Robertson, 228 F.3d 897, 904 (8th Cir. 2000)("[A]n employee waives a procedural due process claim by refusing to participate in post-termination administrative or grievance procedures made available by the state" under the MAPA. Id.). In my order granting summary judgment, I concluded, based on Defendants' undisputed evidence, that Plaintiffs did not have a property interest in their continued employment as a matter of law. As an alternative, I found that even if Plaintiffs had such a property interest, they failed to exhaust their administrative remedies under the MAPA. Nothing in Plaintiffs' motion to vacate changes that conclusion. Moreover, Plaintiffs assert for the first time in their motion to vacate that seeking relief under the MAPA would have been futile. This argument could have been asserted in Plaintiffs' opposition to summary judgement and was not. As a result, it is an improper argument to raise for the first time in the motion to vacate.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' motion to reconsider [# 77] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 18th day of November, 2013.