UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESLIE CREWS, et al, | ) |
| Plaintiffs, | ) |
| vs. | ) Case No.  4:12 CV 142 RWS |
| MONARCH FIRE PROTECTION DISTRICT, et al., | ) |
| Defendants. | ) |
| ANDY STECKO and INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS LOCAL 2665, | ) |
| Movants. | ) |

**MEMORANDUM AND ORDER**

This lawsuit was dismissed on August 6, 2013, after summary judgment was entered on behalf of Defendants.  A protective order covering discovery in the case was entered on April 29, 2013.  The order limited disclosure of discovery to anyone other than the parties to the lawsuit.  Depositions of third-parties and document requests to third-parties were conducted pursuant to the protective order.  Movant Andy Stecko was not a party to the lawsuit but he produced documents and was deposed in the case.  Movant Local 2665 was not a party to the lawsuit and also produced documents.

Movants have filed a motion to reopen this case in order to file a motion for sanctions and/or contempt against the Monarch Fire Protection District for an alleged violation of the protective order.  Movants assert that on November 6, 2013, during a verbal exchange at a union grievance hearing, Board Member Jane Cunningham said, "In Andy Stecko's deposition, he

stated that he received coaching..." Stecko was not present in the room when this statement was made.  Cunningham was interrupted and prevented from speaking further.  Monarch's counsel, Mike Bakewell was present and stated at the hearing that he had provided Cunningham with a copy of Stecko's deposition and had her sign an agreement that it would not be used for any other purpose.

Movants assert the protective order was violated by Cunningham's receipt of a copy of Stecko's deposition transcript and Cunningham's attempted use of the deposition in a matter unrelated to the lawsuit.

Monarch responds that Stecko's deposition was not covered under the protective order because it was a deposition (not covered by the protective order which only pertained to documents produced by Stecko and Local 2665) and because it was not designated "Confidential" as required by the protective order.  Monarch also asserts that even if the deposition transcript was covered by the protective order, Cunningham, as a member of Monarch's board, was entitled to receive a copy of the deposition.

Movants counter that confidential documents produced under the protective order were used throughout Stecko's deposition.  A ruling that the deposition was not covered by the protective order would lead to the disclosure of the confidential documents discussed at the deposition.

I find that Cunningham's receipt of Stecko's deposition transcript did not violate the protective order.  Monarch Fire Protection District is a party to this lawsuit.  Cunningham's position as a member of Monarch Fire Protection District's  Board of Directors allowed her to

see such a document.[1]  In addition, Cunningham's brief reference to Stecko's deposition was cut short by counsel.  She was reminded that this deposition may be subject to the protective order and she did not continue to discuss the deposition.  That is exactly what should have happened.  Cunningham's brief reference to the deposition does not warrant sanctions.

However, to prevent any further issues about the documents and depositions which may be covered by the protective order, I will order Monarch's counsel to retrieve and retain all documents produced under the protective order and all deposition transcripts which have any reference to those documents.

Accordingly,

**IT IS HEREBY ORDERED that** Movants' motion to reopen this case and the relief requested in the motion [#91] is **DENIED**.

**IT IS FURTHER ORDERED that** the Monarch Fire Protection District's counsel shall retrieve and retain all documents produced under the protective order and all deposition transcripts which have any reference to those documents that were provided to Defendants.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of January, 2014.

---

[1] Monarch Fire Protection District is a party to this lawsuit.  By Missouri statute, the District acts through its Board of Directors.  Section 321.600 R.S.Mo.  The Directors are the statutorily designated representatives of the Monarch Fire Protection District.